NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0292n.06

No. 12-3597

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 22, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LYUDMYLA KLYM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

PER CURIAM.  Lyudmyla Klym, a citizen of Ukraine, petitions for review of an order by the Board of Immigration Appeals that dismissed her appeal of a decision by an immigration judge (IJ) who denied her applications for asylum and withholding of removal.

Klym entered the United States in 2007.  She applied for asylum and withholding of removal claiming that she had suffered persecution in Ukraine due to her Pentecostal religious beliefs.  After a hearing, an IJ denied Klym's requests for relief on the ground that her testimony was not credible. The Board concluded that the IJ's credibility finding was not clearly erroneous and dismissed Klym's appeal.

We review an adverse credibility finding in an immigration case for substantial evidence, and may reverse only if a reasonable adjudicator would be compelled to conclude to the contrary.  *Yu v.*

*Ashcroft*, 364 F.3d 700, 702–03 (6th Cir. 2004). Substantial evidence supported the IJ's credibility finding.

The IJ recognized the address listed as Klym's on her application as that of an agency that prepares asylum applications. Klym initially denied any familiarity with the agency, and then admitted only that she obtained the form from them, contending that she prepared it herself with the assistance of an English-speaking friend. The IJ also noted that Klym's testimony was disturbingly similar to the facts from a case he had heard earlier that day involving a Baptist from Kurdistan. Additionally, Klym changed both the month and year of the incident when nationalists allegedly pushed her down some stairs from what she reported in her application. She was also inconsistent concerning the injuries she allegedly suffered on that occasion, as she testified at first to suffering strained ligaments, but changed her position when presented with documentation she submitted showing a broken bone. Finally, Klym testified to lengthy hospital stays following the injuries she received, but her supporting documentation was from an outpatient clinic.

A petitioner on review from an adverse credibility finding must do more than offer a plausible explanation for her inconsistent statements. She must demonstrate that a reasonable factfinder would be compelled to credit her testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). In her brief, Klym argues that the inconsistencies noted by the IJ could be explained as translation problems or typographical errors. However, a reasonable factfinder would not be compelled to accept these explanations. Therefore, we conclude that the IJ's credibility finding to be supported by substantial evidence. Absent credible testimony, Klym did not establish eligibility

No. 12-3597
*Klym v. Holder*

for asylum or withholding of removal.  *See El-Moussa v. Holder*, 569 F.3d 250, 256–57 (6th Cir.

2009).

The petition for review is denied.